United States District Court
Southern District of Texas
**ENTERED**
May 18, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS A. AGUILAR and MARISELA AGUILAR, Plaintiffs, | § § § § § § | CIVIL ACTION NO. 4:21-cv-02568 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| FRANKLIN CREDIT MORTGAGE CORP, Defendant. | § § § § | |

ORDER GRANTING SUMMARY JUDGMENT
AND DEFAULT JUDGMENT

Pending is a motion by Defendant Franklin Credit Mortgage Corporation for summary judgment on all claims brought by Plaintiffs and on its counterclaim against Plaintiffs. Also pending is its motion for default judgment against Third-Party Defendant Svetlana Pestova. The motions are granted. Dkt 13.

1. Background

Defendant Carlos Aguilar executed a fixed rate note in April 2005. Dkt 13-1 at 15–16. The note was secured by a purchase money deed of trust signed by both Aguilar and his wife, Defendant Marisela Aguilar. Id at 18–25. That security instrument established a subordinate lien on the property commonly known as 14866 Dorray Lane, Houston, Texas 77082. Franklin Credit has serviced the loan at all times relevant to this dispute. Dkt 13 at 6; see also id at 38–83.

Carlos Aguilar failed to make payments under the terms of the loan, and Franklin Credit provided timely

notice of default and intent to accelerate on June 9, 2020. Id at 38–67. It then provided notices of acceleration and foreclosure sale in June of 2021. Id at 70–72 (acceleration) & 75–83 (foreclosure sale).

The Aguilars filed this action in Texas state court, alleging (i) trespass to quiet title, (ii) violation of section 51 of the Texas Property Code, (iii) violations of the Federal Debt Collection Practices Act, and (iv) violation of the Equal Credit Opportunity Act. They also seek declaratory and injunctive relief. Dkt 1-1 at 6–13. The Aguilars secured a temporary restraining order prohibiting a scheduled foreclosure sale, then executed a general warranty deed purporting to convey title to the property to Third-Party Defendant Svetlana A. Pestova. Dkt 1-1 at 18–19; see also Dkt 13-1 at 85–88.

Franklin Credit removed. Dkt 1. It then answered, counterclaimed, and brought a third-party claim against Pestova. It seeks a declaratory judgment that (i) Franklin Credit provided the Aguilars with all required notices of default, acceleration, and foreclosure sale, and Franklin Credit may therefore proceed with a non-judicial foreclosure sale of the property; and (ii) such foreclosure sale will divest Pestova of any purported ownership interest she may have in the property pursuant to the general warranty deed she allegedly received from the Aguilars. Dkt 2.

The Clerk entered default against Pestova on February 23, 2022. Dkt 15. Franklin Credit now moves for default judgment against her. Dkt 13. It also moves for summary judgment on all claims brought by the Aguilars and on its counterclaim against them. Ibid. The Aguilars didn't respond.

  2. Default judgment
   a. Legal Standard

Rule 55 governs applications for default and default judgment. This involves sequential steps of default, entry of default, and default judgment. A *default* occurs "when a defendant has failed to plead or otherwise respond to the

complaint within the time required by the Federal Rules." *New York Life Insurance Co v Brown*, 84 F3d 137, 141 (5th Cir 1996). An *entry of default* is what the clerk enters when a plaintiff establishes the default by affidavit or otherwise pursuant to Rule 55(a). A *default judgment* can thereafter enter against a defendant upon application by a plaintiff pursuant to Rule 55(b)(2).

The Fifth Circuit instructs that a default judgment is "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v Pelican Homestead & Savings Association*, 874 F2d 274, 276 (5th Cir 1989). A plaintiff isn't entitled to a default judgment as a matter of right, even if default has been entered against a defendant. *Lewis v Lynn*, 236 F3d 766, 767 (5th Cir 2001). Rather, a default judgment "must be 'supported by well-pleaded allegations' and must have 'a sufficient basis in the pleadings.'" *Wooten v McDonald Transit Associates Inc*, 788 F3d 490, 498 (5th Cir 2015) (citation omitted). The well-pleaded allegations in the complaint are assumed to be true, except those regarding damages. *Nishimatsu Construction Co v Houston National Bank*, 515 F2d 1200, 1206 (5th Cir 1975); *Meyer v Bayles*, 559 F Appx 312, 313 (5th Cir 2014, *per curiam*).

The decision to enter a judgment by default is discretionary. *Stelax Industries Ltd v Donahue*, 2004 WL 733844, *11 (ND Tex). "Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party." *John Perez Graphics & Design LLC v Green Tree Investment Group Inc*, 2013 WL 1828671, *3 (ND Tex), citing *Lindsey v Prive Corp*, 161 F3d 886, 893 (5th Cir 1998).

   b. Analysis

Pestova was properly served and never answered. The entry of default was thus deemed appropriate under Rule 55(a). Dkts 14 & 15.

The remaining question concerns the propriety of entry of default judgment. Three inquiries pertain to that consideration. The first is whether the entry of default

judgment is procedurally warranted. The second is whether the substantive merits of the plaintiff's claims as stated in the pleadings provide a sufficient basis for default judgment. And the last is whether the requested relief is appropriate. *Joe Hand Promotions Inc v Casison*, 2019 WL 3037074, *2 (SD Tex).

      i.   Procedural requirements

The following factors are pertinent to whether default judgment is procedurally appropriate:

- *First,* whether material issues of fact are in dispute;
- *Second,* whether there has been substantial prejudice to the plaintiff;
- *Third,* whether the grounds for default are clearly established;
- *Fourth,* whether the default was caused by a good-faith mistake or excusable neglect on the defendant's part;
- *Fifth,* whether default judgment is inappropriately harsh under the circumstances; and
- *Sixth,* whether the court would think itself obliged to set aside the default upon motion by the defendant.

*Lindsey*, 161 F3d at 893, citing Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2685 (West 2d ed 1983).

*First,* Pestova hasn't answered or otherwise defended this action. Franklin Credit's well-pleaded allegations against Pestova are thus assumed to be true. *Nishimatsu*, 515 F2d at 1206. No material facts appear to be in dispute. See *Innovative Sports Management Inc v Martinez*, 2017 WL 6508184, *3 (SD Tex).

*Second,* Franklin Credit has naturally experienced substantial prejudice. It served Pestova on September 11, 2021. Dkt 11. Yet Pestova hasn't responded to this action, effectively halting the adversarial process. See *China International Marine Containers Ltd v Jiangxi Oxygen*

4

*Plant Co*, 2017 WL 6403886, *3 (SD Tex); *Insurance Co of the West v H&G Contractors Inc*, 2011 WL 4738197, *3 (SD Tex).

*Third,* the Clerk properly entered default against Pestova pursuant to Rule 55(a) because she didn't answer or otherwise defend this action. Dkts 14 & 15. Default judgment is likewise appropriate because she still hasn't answered or otherwise defended. See *United States v Padron*, 2017 WL 2060308, *3 (SD Tex); *WB Music Corporation v Big Daddy's Entertainment Inc*, 2005 WL 2662553, *2 (WD Tex).

*Fourth,* nothing suggests that the default by Pestova has been the product of good-faith mistake or excusable neglect. See *Lindsey*, 161 F3d at 893; *Innovative Sports Management*, 2017 WL 6508184 at *3.

*Fifth,* nothing suggests that it would be too harsh to enter default judgment against Pestova. Franklin Credit served Pestova over eight months ago, yet she hasn't taken any action to respond to this suit. See *Joe Hand Promotions Inc v 2 Tacos Bar & Grill LLC*, 2017 WL 373478, *2 (ND Tex), citing *Lindsey*, 161 F3d at 893; *Insurance Co of the West*, 2011 WL 4738197 at *3.

*Sixth,* nothing is apparent that would cause the default judgment to be set aside if Pestova was to challenge it. See *Insurance Co of the West*, 2011 WL 4738197 at *3.

Given the foregoing, entry of default judgment pursuant to Rule 55(b) is procedurally appropriate.

## ii. Substantive requirements

Franklin Credit contends that a foreclosure sale will divest Pestova of any purported ownership interest she may have in the property as the general warranty deed she allegedly received from the Aguilars is subject to the deed of trust. Dkt 2 at 10. But there still must be "a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F2d at 1206. This is so because a default judgment is valid "only so far as it is supported by well-pleaded allegations, assumed to be true." Ibid.

5

The inquiry is thus whether the third-party claim at issue satisfies Rule 8 of the Federal Rules of Civil Procedure. See *Wooten v McDonald Transit Associates Inc*, 788 F3d 490, 497–98 (5th Cir 2015). Rule 8(a)(2) requires a counterclaim to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court holds that this "does not require 'detailed factual allegations,' but it demands more than an unadorned, "the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007).

The factual allegations in Franklin Credit's third-party complaint are sufficient to satisfy the low threshold of Rule 8. Specifically, Franklin Credit provides the date that the note and security instrument were signed and the value given as consideration. Dkt 2 at 8. It also demonstrates that these instruments were properly recorded. Ibid. Franklin Credit therefore adequately established that the Aguilars' interest in the property was subject to the deed of trust. Any interest in the property the Aguilars transferred to Pestova thus continues to be subject to the deed of trust. See *Motel Entertainers Inc v Nobani*, 784 SW2d 545, 547 (Tex App—Houston [1st Dist] 1990, no writ); see also *Matter of Hamilton*, 125 F3d 292, 299 (5th Cir 1997).

The substantive merits of the claims as stated in the complaint provide a sufficient basis for default judgment.

### iii. Appropriate remedies

Franklin Credit doesn't seek monetary damages. It instead seeks non-monetary relief in the form of a declaratory judgment that a foreclosure sale pursuant to the deed of trust will divest Pestova of any purported ownership interest she may have in the property. Dkt 2 at 10.

The Declaratory Judgment Act provides a district court the power to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 USC § 2201.

Rule 57 thus provides that "the existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate."

Declaratory judgment is appropriate here given the evidence presented by Franklin Credit, the sufficiency of the proceedings in the action, and the failure by Pestova to respond or otherwise defend.

### 3. Summary judgment

Plaintiffs haven't responded to the motion for summary judgment. Dkt 16.

"It is well established in the Fifth Circuit that a federal court may not grant a 'default' summary judgment when no response has been filed." *Morgan v Federal Express Corp*, 114 F Supp 3d 434, 437 (SD Tex 2015) (quotation marks and alteration omitted), citing *Eversley v MBank of Dallas*, 843 F2d 172, 174 (5th Cir 1988). But if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. Ibid. The Fifth Circuit likewise holds that when a nonmovant bears the burden of proof at trial, a movant may make a proper summary judgment motion under Rule 56 by alleging that the nonmovant has "no evidence" of its claims. *Austin v Kroger Texas LP*, 864 F3d 326, 335 (5th Cir 2017, *per curiam*).

*As to claims by Plaintiffs,* the Aguilars bring claims for (i) trespass to quiet title, (ii) violation of section 51 of the Texas Property Code, (iii) violations of the Federal Debt Collection Practices Act, and (iv) violation of the Equal Credit Opportunity Act. They also seek declaratory and injunctive relief. Dkt 1-1 at 6–13. The Aguilars bear the burden of proof as to each of these claims.

Franklin Credit asserts that the Aguilars have no evidence supporting their claims. It further submits that undisputed evidence and controlling law entitle it to judgment against the Aguilars on these claims because, among other reasons, it hasn't dispossessed the Aguilars of the property, no foreclosure sale has occurred, and any claim for violation of the ECOA is time-barred. Dkt 13 at

7

9–16. Any claim for declaratory and injunctive relief likewise fails, it says, because the Aguilars have no underlying viable cause of action. Id at 16–17.

Franklin Credit is entitled to summary judgment on these claims.

*As to counterclaims by Defendant,* Franklin Credit seeks a declaration that it provided the Aguilars with all required notices of default, acceleration, and foreclosure sale, and Franklin Credit may therefore proceed with a non-judicial foreclosure sale of the property. Dkt 2 at 10.

Texas law requires the holder of a security interest with a power of sale who seeks to foreclose to show that (i) a debt exists, (ii) the debt is secured by a lien created under Texas law, (iii) the borrower is in default, and (iv) the borrower has been properly served with notice of default and acceleration. *Huston v US Bank National Association*, 988 F Supp 2d 732, 740 (SD Tex 2013). The uncontradicted summary judgment evidence proffered by Franklin Credit conclusively establishes each of these elements. Franklin Credit also establishes that it has standing to foreclose. And foreclosure isn't barred by Texas Civil Practice and Remedies Code § 16.035(a).

Franklin Credit is entitled to summary judgment on its counterclaim.

### 4. Conclusion

The motion by Defendant Franklin Credit Mortgage Corporation for default judgment against Third-Party Defendant Svetlana A. Pestova is GRANTED. Dkt 13.

The motion by Defendant Franklin Credit Mortgage for summary judgment on all claims brought by Plaintiffs and on its counterclaim against Plaintiffs is GRANTED. Dkt 13.

It is hereby DECLARED that Defendant Franklin Credit Mortgage Corporation may foreclose on the property commonly known as 14866 Dorray Lane, Houston, Texas 77082, and more particularly described as:

> LOT ONE (1), IN BLOCK ONE (1) OF OAK PARK RIDGE, SECTION FOUR (4) – REPLAT NO. 1, A SUBDIVSION IN

> HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEROF RECORDED IN FILM CODE NO. 554082 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

It is further DECLARED that the foreclosure of the aforementioned property will divest Third-Party Defendant Svetlana A. Pestova of any purported ownership interest.

The claims brought by Plaintiffs are DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on May 18, 2022, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge